UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RUFUS SPEARMAN,

                Plaintiff,                Case No. 2:15-cv-15

v.                                 HON. ROBERT HOLMES BELL

D. GERTH, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Rufus Spearman pursuant to 42 U.S.C. § 1983, asserting numerous claims against numerous Defendants.  The remaining claims are against Defendants Gerth, Young, Schertz and Thoma for retaliation against Plaintiff for the use of the grievance procedure by denying Plaintiff meals, against Defendant Schertz who "physically abused" him, and against Defendants Henley, Miles, and Fielding for assaulting Plaintiff by closing his cell door on him in violation of the Eighth Amendment.  All other claims and Defendants have been dismissed.  Defendants filed a motion for summary judgment (ECF No. 42) on the ground that Plaintiff failed to exhaust his available administrative remedies.  Plaintiff filed a response (ECF No. 48).  Defendants filed a reply (ECF No. 60).  Plaintiff filed a declaration in opposition (ECF No. 65).  Plaintiff filed a "Motion For Sanctions Against MDOC Officials Pursuant to Rule 11, Fed. R. Civ. P."  (ECF No. 95).  Plaintiff moves for sanctions because he believes Defendants' motion for summary judgment is baseless.  Plaintiff has also moved for a temporary restraining order and

preliminary injunction.  (ECF No. 92).  Plaintiff requests an order to prevent further assault, inhospitable living conditions, and emotional distress caused by Defendants.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 212-216 (2007).  A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with the burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the

moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

---

[1]In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the unnamed defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance. I most respectfully request that the Sixth Circuit revisit this issue and provide some guidance to the parties and the district courts.

4

If the inmate is dissatisfied with the Step I response or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response or, if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants concede that Plaintiff exhausted his claim that Defendant Fielding assaulted Plaintiff by closing the cell door on Plaintiff in violation of the Eighth Amendment. Defendants Gerth, Young, Schertz, Thoma, Henley, and Miles argue that the claims against them should be dismissed as unexhausted.

Plaintiff claims that grievance LMF-12-08-1688-28I exhausted his claim that Defendant Miles closed the cell door on him. PageID.1099-1106. That grievance was rejected at Step I for failing to attempt to resolve the issue with the staff member involved before filing the grievance. PageID.1104. At Step II , the grievance rejection was upheld for being vague and for not including the name of the staff member with whom Plaintiff attempted to resolve the issue.

PageID.1102.  The rejection was upheld at Step III, where it was also noted that Internal Affairs instructed the facility to handle the grievance.  PageID.1100.  In the opinion of the undersigned, Plaintiff has not shown that he submitted any other grievance that was relevant to this issue against Defendant Miles other than grievance LMF-12-08-1688-28I, which failed to properly exhaust his claim against Defendant Miles.   Similarly, Plaintiff failed to properly grieve his claim that Defendant Henley closed the cell door on Plaintiff.  In the opinion of the undersigned, Defendants Miles and Henley should be dismissed from this action.

Plaintiff argues that he exhausted his claims that he was denied meals by Defendants Gerth, Young, Schertz, and Thoma in grievance LMF-12-10-2005-28E.   PageID.1076-1081. Plaintiff claimed in his grievance that he was improperly denied meals for not being at the cell door when the meals were served and, on some occasions, that prison officials falsely claim that he was not at the door at the time meals were served so that the officials could eat the food themselves. Plaintiff's grievance was rejected at each Step because he "filed in an untimely manner." PageID.1079.   In the opinion of the undersigned, Plaintiff did not properly submit his grievance because it was rejected as untimely.  Further, Plaintiff failed to assert that he was being denied meals in retaliation for his grievance filings.   "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh,* 450 F.3d 651, 654 (6th Cir.2006), *cert. denied,* 549 U.S. 1245, 127 S.Ct. 1257, 167 L.Ed.2d 145 (2007) (internal citation omitted).

The grievances submitted by Plaintiff failed to give notice to prison officials of the factual basis for his retaliation claim.  Plaintiff simply asserted in his grievance that he was denied

6

meals because the officers wanted to eat his meal.  Plaintiff never made the claim that the officers refused to give him meals in retaliation for his grievance filings.  In the opinion of the undersigned, Plaintiff's grievance failed to give prison officials notice of a potential First Amendment violation or that retaliation was an issue in the underlying claim.  Plaintiff need not specifically assert the words "First Amendment" or "retaliation" in his grievance, but he must set forth the mistreatment or misconduct that forms the basis of his claim.   In the opinion of the undersigned, Plaintiff never set forth facts which could establish mistreatment or misconduct that could form the basis of a retaliation claim.

Plaintiff claims that he was prohibited from submitting a grievance against Defendant Schertz for  physical and sexual abuse, and that he was instructed to pursue the matter through the misconduct hearing appeals procedure.  Plaintiff argues that LMF 12-05-1088-27A and LMF 12-08-1673-27A demonstrate that if he would have filed a grievance on this issue, it would have been rejected because it related to the misconduct hearing process.  In LMF-12-05-1088-27A, Plaintiff stated that Dotson and Mattson accused him of  taking too long in the shower.  PageID.1040.  That grievance was rejected as relating to a misconduct hearing and Plaintiff was directed to appeal through the process.  PageID.1041.  In LMF 12-08-1673-27A, Plaintiff asserted that he received a false misconduct report of threatening physical assault on an officer.  LMF 12-08-1673-27a.  That grievance was rejected because it related to his misconduct ticket hearing.  PageID1162.  In this case, Plaintiff is alleging that Defendant Schertz "physically abused" him.  Plaintiff is not alleging that he was wrongfully charged with a misconduct ticket, but that Defendant Schertz violated Plaintiff's constitutional rights.  Plaintiff was required to exhaust his administrative grievance remedies on this issue before bringing this claim in a federal lawsuit.  In the opinion of the

undersigned, Plaintiff's failure to exhaust his grievance remedies requires dismissal of this claim against Defendant Schertz.

Plaintiff moves for a temporary restraining order and preliminary injunction against Defendants to prevent future assault, intolerable living conditions, and emotional distress.  Plaintiff further wishes to prevent retaliatory acts and other improper conditions of his confinement. Essentially, Plaintiff requests an order from this court to stop Defendants from violating Plaintiff's Constitutional rights.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

> 1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2.  Whether the movant has shown irreparable injury.
>
> 3.  Whether the preliminary injunction could harm third parties.
>
> 4.   Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears

8

a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendants have violated his federal rights. Moreover, Defendants are already prohibited by the Constitution from violating Plaintiff's rights. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 42) be granted, dismissing Defendants Gerth, Young, Schertz, Thoma, Henley and Miles without prejudice due to Plaintiff's failure to properly exhaust his grievance remedies on the claims asserted . Plaintiff's remaining claim is against Defendant Fielding for closing the cell door on Plaintiff.

It is further recommended that Plaintiff's motion for Rule 11 sanctions (ECF No. 95) be denied, and that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 92) be denied.


Dated:  April 29, 2016                    /s/ TIMOTHY P. GREELEY
                                          Timothy P. Greeley
                                          United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).