UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUFUS L. SPEARMAN,

    Plaintiff,

v.

D. GERTH et al.,

    Defendants.

_____/

Case No. 2:15-cv-15

HON. ROBERT HOLMES BELL

## **OPINION**

On January 26, 2015, Plaintiff Rufus L. Spearman filed a complaint raising claims against 59 defendants under 42 U.S.C. § 1983. In a July 2015 opinion, this Court dismissed the claims against all but Defendants Gerth, Young, Schertz, Thoma, Henley, Miles, and Fielding. (7/13/2015 Op., ECF No. 14.) The matter is before the Court on the remaining Defendants' motion for summary judgment (ECF No. 42), and Plaintiff's motions for a temporary restraining order (ECF No. 92) and sanctions (ECF No. 95). On April 29, 2016, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation (R&R), recommending that Defendants' motion for summary judgment be granted, and that Plaintiff's motions be denied. (R&R, ECF No. 102.) Plaintiff has filed objections to the R&R. (ECF No. 106.)

The Court makes a de novo determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general

objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

## I.

Plaintiff's complaint raised the following claims against the remaining Defendants:

- On April 18, 2012, Defendant Miles "accosted" Plaintiff and required him to stay seated during his recreation period. (Am. Compl. ¶ 56, ECF No. 11.) When Plaintiff requested a grievance form, Miles swore at him, stated that there were no grievances, and "wrote a fraudulent misconduct report" claiming Plaintiff refused to sit down after he was ordered to do so, despite the fact that there are no rules requiring him to sit down during the recreation period. (*Id.* ¶ 61.)

- Defendant Miles entered Plaintiff's room and rummaged through his "personal or legal property," leaving his belongings "exposed and unsecured." (*Id.* ¶¶ 65, 74.) Plaintiff believes this was done so that his new cellmate could discover paperwork that would establish Plaintiff was "an informant, rat, snitch, etc." (*Id.*)

- Defendants Miles and Henley claimed to rob Plaintiff of "some 'ghost' account/bank of mine." (*Id.* ¶¶ 65, 118.)

- On August 8, 2012, Defendant Miles battered Plaintiff with his door. (*Id.* ¶¶ 65, 85.)

- On July 9, 2012, Defendant Fielding struck Plaintiff with the door to his assigned room. (*Id.* ¶ 77.)

- Defendants Young, Schertz, Thoma, and Gerth continuously deprived Plaintiff of meals and failed to take corrective action regarding this matter. Plaintiff alleges these Defendants were retaliating against Plaintiff after he initiated an investigation against them. (*Id.* ¶ 110.)

- On October 24, 2012, "after several weeks of sexually propositioning" Plaintiff, Defendant Schertz began touching Plaintiff "in an inappropriately sexual way" while Plaintiff was handcuffed. (*Id.* ¶ 111.) Defendant Gerth, Schertz's supervisor, was present and failed to take corrective action. (*Id.* ¶ 113.)

- On March 5, 2013, Defendants Henley and Miles sexually harassed and ridiculed Plaintiff. (*Id.* ¶ 126.)

(Am. Compl., ECF No. 11.)

This Court's July 2015 opinion dismissed Plaintiff's claim that Defendant Miles issued a false misconduct report against him for failing to sit down. (7/13/2015 Op. 18.) The opinion further stated that the claims alleging that "Defendants Gerth, Young, Schertz, and Thoma retaliated against Plaintiff for his use of the grievance procedure by denying him meals, that Defendant Schertz 'physically abused' him, and that Defendants Henley, Miles, and Fielding assaulted Plaintiff by closing his cell door on him in violation of the Eighth Amendment" survived the initial screening. (*Id.* at 24.)

Defendants' motion for summary judgment argues that the remaining claims against Defendants Gerth, Young, Schertz, Thoma, Henley, and Miles were not exhausted by Plaintiff prior to filing his complaint and, therefore, must be dismissed. Defendants concede that the claim against Defendant Fielding was exhausted. The R&R agreed.

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to

determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, a "plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'" *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586-87). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Plaintiff's first objections relate to the Court's order denying his motion for an extension of time to amend (ECF No. 13), the Court's order denying his motion to alter or amend judgment (ECF No. 29), the Court's "alteration" of the parties' names in the case caption, the Court's order denying Plaintiff's motion to compel discovery, and the Court's order denying his motion for a subpoena for production of documents. (Objections 12-14, ECF No. 106.) Plaintiff's dissatisfaction with the Court's earlier orders is unrelated to the

4

R&R issued by the Magistrate Judge. Accordingly, these objections will not be considered. Plaintiff also objects to this Court's July 2015 opinion and order partially dismissing the complaint for failure to state a claim. (*Id.* at 12.) The Court has already denied Plaintiff's motion to alter or amend judgment, which raised similar objections. (Order, ECF No. 29.) Accordingly, this objection will not be considered.

Plaintiff next objects to the Court's "circumscription" of his claims. Plaintiff states that the complaint "distinctly identified at least four claims against Defendant Gerth" (Objections 14-15), two claims against Defendant Young (*id.* at 15), five claims against Defendant Schertz (*id.*), two claims against Defendant Thoma (*id.*), two claims against Defendant Fielding (*id.* at 16), one claim against Defendant Henley (*id.*), five claims against Defendant Miles (*id.* at 18), and that he alleged "food contamination" (*id.* at 15). Plaintiff does not specifically identify what these additional claims are and, upon review of the complaint, the Court finds no error.

### Grievance No. LMF 12-08-1688-28I

Next, Plaintiff objects to the R&R's recommended dismissal of Defendants Miles and Henley. Plaintiff first states that Grievance No. LMF 12-08-1688-28I exhausted his claims. This grievance was rejected at Step I because Plaintiff allegedly did not attempt to resolve the issue with the staff member involved prior to filing the grievance. (ECF No. 43-5, PageID.1104.) The rejection was upheld for the same reason at Steps II and III. (*Id.* at PageID.1100, 1102.) Plaintiff's Step II appeal stated that the Step I denial was erroneous because he "should not be forced to engage a prison official/department employee that has

5

committed an act of violence against me in order to have my complaint regarding the violent act addressed." (*Id.* at PageID.1101.) Plaintiff's objections to the R&R now state that he did attempt to resolve the issue with Defendant Miles before writing the grievance, and that he does not know why he did not write that down in his Step I report. (Objections 20.) Plaintiff also states that he did not believe he had to discuss the issue with Miles first because he thought the matter was one for Internal Affairs. (*Id.* at 21.)

Michigan Department of Corrections Policy Directive 03.02.130 (the "Policy Directive") provides that a grievance may be rejected if:

> The grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration.

(Policy Directive 03.02.130 ¶ G(3), ECF No. 43-2.) "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Although Plaintiff may disagree with the policy requiring him to approach the staff member who allegedly assaulted him, the fact is that Plaintiff admitted in his grievance that he took no action to resolve the issue, and did not allege a circumstance beyond his control that prevented him from doing so. Plaintiff has provided no evidence to the contrary. Accordingly, this objection will be denied.

**Grievance No. LMF-12-09-1851-28B**

Plaintiff contends that he also exhausted his claims against Defendants Miles and Henley in Grievance No. LMF-12-09-1851-28B. (Objections 24, 25.) At Step I, Plaintiff stated that he was filing the grievance against "the person or group of persons, unknown to me," who were responsible for the "racial and ethnic disparity in staffing" the prison. (ECF No. 43-5, PageID.1111.) He stated that the disparities resulted in him being "intentionally discriminated against [and] subjected to physical/sexual/verbal assault." (*Id.*) His objections note that the "disparities in staffing . . . directly resulted in me being physically/sexually/verbally assaulted by Miles." (Objections 23.)

This grievance is not directed at Miles or Henley. Rather, it is directed at those responsible for the alleged staffing disparities. Because Plaintiff has not argued that Miles or Henley were responsible for those disparities, and because the grievance does not relate to Plaintiff's remaining claims in this matter, this grievance does not exhaust any claims against those Defendants. Plaintiff's objection will be rejected.

**Grievance No. LMF 13-03-440-17I**

Plaintiff argues that the Court misconstrued his claims against Henley and that those claims were exhausted in Grievance No. LMF 13-03-440-17I. (Objections 24.) The Step I grievance states:

> This grievance is against Henley for unlawful retaliation and/or attempted sexual assault, and also against Miles for harassment, all of which are violations of PD 03.03.130, 03.03.140, 03.02.130, 03.02.140, and 02.03.1000. At appx 7:40 PM, as I was exiting the [illegible] behind the rest of the unit Henley stepped directly into my path and the doorway attempting to deliberately create physical contact. I believe he was attempting to create contact to write a fraudulent assault charge, or he is a homosexual predator. I

7

> also believe his actions may have been retaliation for previous grievances I've written. Miles began laughing and stated, "Henley you're crazy."

(ECF No. 43-4, PageID.988.) This grievance relates to Plaintiff's allegation in his complaint that "On March 5, 2013, Defendants Henley and Miles sexually harassed and ridiculed Plaintiff." (Am. Compl. ¶ 126.) As the Court noted in its July 2015 opinion, however, "[c]ircuit courts consistently have held that sexual harassment, absent contact or touching," cannot rise to an Eighth Amendment violation because it "does not satisfy the objective requirement[.]" (7/13/15 Op. 14.) Plaintiff has not identified any other constitutional violation that these actions may have resulted in that would entitle him to relief. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation.").

The Court's July 2015 opinion stated that the remaining claims against Henley and Miles were for assaulting Plaintiff by "closing his cell door on him in violation of the Eighth Amendment." (7/13/15 Op. 24.) The harassment allegations were presumed meritless. Because Grievance No. LMF 13-03-440-17I does not exhaust any remaining, viable claim against Defendants Miles or Henley, this objection will be rejected.

**Grievance No. LMF 12-10-2005-28E**

8

Plaintiff next argues that Grievance No. LMF 12-10-2005-28E properly exhausted his claim that he was denied meals by Defendants Gerth, Young, Schertz, and Thoma. (Objections 25.) At Step I, Plaintiff stated that he was being deprived of meals "approximately three or four weeks ago." (*Id.* at PageID.1080.) The Policy Directive requires prisoners to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue," and to file the Step I grievance "within five business days after the grievant attempted to resolve the issue with appropriate staff." (Policy Directive ¶ P.) Because Plaintiff did not file this grievance within the required timeframe, it was denied at Step I. (ECF No. 43-4, PageID.1081.) Plaintiff's Step II appeal was also belatedly filed and, therefore, rejected. (*Id.* at PageID.1079.)

Plaintiff's objections state that he was deprived of meals on September 29, 2012, and that the grievance filed on September 30, 2012, was timely. Plaintiff's grievance indicates, however, that he was "aware of a grievable issue" (being deprived of meals) three to four weeks before filing the Step I grievance. Moreover, Plaintiff does not address the fact that his Step II appeal was also untimely. Accordingly, the Court agrees with the R&R's determination that Plaintiff did not properly submit this grievance.

Plaintiff also asserts that this grievance properly raised a retaliation claim against Defendants Gerth, Young, Schertz, and Thoma. The retaliation claim, similar to the claim of meal deprivation, fails because the grievance was not filed in a timely manner. Moreover, the Court agrees with the R&R's conclusion that this grievance does not "set forth facts which could establish mistreatment or misconduct that could form the basis of a retaliation

9

claim." *See Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (finding that a Step I grievance must give prison officials "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). While the grievance gives fair notice of a claim that Plaintiff was being deprived of meals, it does not give fair notice of facts underlying a retaliation claim. *See Jackson v. Huss*, No. 1:14-cv-426, 2015 WL 5691026, at *7 (W.D. Mich. Sept. 28, 2015) (Neff, J.); *Jordan-El v. Harrington*, No. 2:06-cv-10431, 2006 WL 1791261, at *3 (E.D. Mich. June 26, 2006) ("Since retaliation is a separate form of misconduct or mistreatment, the Plaintiff was required to give prison officials fair notice of a First Amendment retaliation claim.").

### Grievances Against Defendant Schertz

Plaintiff next argues that the R&R improperly concluded that he failed to exhaust administrative remedies on his claim for physical and sexual abuse against Defendant Schertz. (Objections 28.) Plaintiff argued before the Magistrate Judge that claims involving prisoner misconduct must go through the "misconduct hearing appeals procedure" rather than the grievance process. (Pl.'s Resp. to Mot. Summ. J. 9, ECF No. 48.) The Magistrate Judge correctly noted that, following the Court's July 2015 opinion, the remaining claim against Defendant Schertz is for physical abuse; it does not involve prisoner misconduct. (R&R 7.) Accordingly, Plaintiff's objection is meritless.

### IV. Sanctions and Temporary Restraining Order

Plaintiff's remaining objections relate to the R&R's determination that his motion for sanctions and for a temporary restraining order be denied.

Plaintiff's motion for sanctions alleges that Defendants' "claims, defenses, and other legal contentions" are not "warranted by existing law." (Mot. for Sanctions 2, ECF No. 95.) He contends that the motion for summary judgment is frivolous. For the reasons stated above, the Court disagrees. Accordingly, the motion will be denied.

As for Plaintiff's motion for a temporary restraining order, Plaintiff has made no specific objection to the R&R and, thus, he has forfeited this claim. *Miller*, 50 F.3d at 380. Even if he had made specific objections, the Court, for the reasons stated above, would agree with the R&R's well-reasoned determination that Plaintiff has not met the heavy burden of establishing that he is entitled to injunctive relief. (*See* R&R 9-10.)

## V. Conclusion

For the reasons stated above, the Court will approve and adopt the Magistrate Judge's report and recommendation. Defendants' motion for summary judgment will be granted; Plaintiff's claim against Defendant Fielding is the sole remaining claim. An order will enter consistent with this opinion.

Dated: August 4, 2016              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE