UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUFUS L. SPEARMAN #320836,

        Plaintiff,

v.                               Case No.  2:15-cv-15
                                   HON.  PAUL L. MALONEY

GLENN FIELDING,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Rufus L. Spearman pursuant to 42 U.S.C. § 1983, against numerous employees of the Michigan Department of Corrections (MDOC).  After several dismissals, Plaintiff's only remaining claim is against Defendant Glenn Fielding.  Plaintiff alleges that Defendant Fielding violated his Eighth Amendment rights when he closed a cell door that struck Plaintiff at Alger Correctional Facility (LMF).  Plaintiff also asserts two state law claims against Defendant Fielding based on the same underlying facts.  Defendant Fielding has moved for summary judgment pursuant to Federal Rules of Civil Procedure 56.  (ECF No. 139.) Plaintiff has responded.  This matter is ready for decision.

        The following are the facts related to the remaining claims viewed in the light most favorable to Plaintiff.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994) (noting any direct evidence offered by Plaintiff in response to a summary judgment motion are accepted as true)).  The prison officials at LMF have a specific procedure for opening and closing the inmates' cell doors during meals. When it is time for a meal, a prison official opens each cell door individually from the control center and waits approximately 20 to 30 seconds before closing the cell door.  The doors open and close slowly and stop if there is

something in the way.  Defendant Fielding is occasionally in charge of opening and closing the cell door.

On July 7, 2016, Plaintiff attempted to exit his cell to go to the cafeteria.  The cell door was only open 14 inches wide.  Plaintiff and his cell mate attempted to open the cell door further but it did not move.  Plaintiff's cell mate then squeezed through the opening.  As Plaintiff tried to squeeze through the opening, the cell door closed on him.  After the door struck him, Plaintiff jumped back and hit his head on the door jam.  Plaintiff alleges that the door hit his "right orbital bone resulting in swelling, discoloration, and pain for weeks." PageID1777-1778.  However, Plaintiff never sought medical treatment.  Plaintiff claims that he chose not to seek medical treatment because the prison would have charged him $5.00.  PageID.1777.  Plaintiff alleges that Defendant Fielding was operating the doors when it closed.  Plaintiff also alleges that this was the second or third time that Defendant Fielding closed the cell door on him.[1]

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct

---

[1] In his complaint, Plaintiff alleged that Defendant Fielding hit him with a cell door twice.  PageID.96.  In his Declaration in Opposition to Defendant's Rule 56 Summary Judgment Motion, Plaintiff describes three incidents when Defendant Fielding closed the cell door on him.  PageID.1775-1778.

evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  When evaluating an excessive force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  The relevant factors that the courts consider include, "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

An Eighth Amendment claim has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Therefore, the courts must determine whether the prison official acted with a sufficiently culpable state of mind and whether the alleged wrongdoing was "objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8

(quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  While an Eighth Amendment claim need not include a "significant injury," a *de minimis* use of physical force will not support such a claim unless the force used is "of a sort repugnant to the conscience of mankind."  *Id.* at 9-10. (finding that not "every malevolent touch by a prison guard gives rise to a[n Eighth Amendment] cause of action").

In cases involving a prison official closing a cell door on an inmate, the courts consider whether the prison official acted intentionally.  For example, in *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991), an inmate brought a § 1983 claim alleging that the prison official deliberately inflicted injury by closing the cell door on him.  The Sixth Circuit dismissed the case because "the only wrongful acts that possibly could be attributed to [the prison official] are acts of negligence.  Negligence will not ground a section 1983 action."  *Id.*  Similarly, in *Evans v. Lehner*, No. 1:11-cv-581, 2012 WL 6628831 (W.D. Mich. Sept. 28, 2012), report and recommendation adopted, No. 1:11-cv-581, 2012 WL 6628821 (W.D. Mich. Dec. 19, 2012), the plaintiff asserted an Eighth Amendment claim against a prison official who closed a cell door too early, which hit the plaintiff in the back.  The court granted the prison official summary judgment on the Eighth Amendment claim because there was no evidence that the prison official "acted intentionally to inflict pain, rather than negligently."  *Id.* at *4.

In this case, Defendant Fielding argues that he is entitled to summary judgment because he never closed the cell door on Plaintiff.  Defendant Fielding further contends that even if Plaintiff was hit by the cell door, summary judgment should still be granted because he did not intentionally hit Plaintiff with the cell door, he had a penological security justification for closing the cell door, and Plaintiff suffered only *de minimis* injuries.

In the opinion of the undersigned, there is no genuine issue of material fact and Defendant Fielding is entitled to judgment as a matter of law.  First, despite Plaintiff's conclusory allegations, there is no evidence that Defendant Fielding acted intentionally to inflict pain on Plaintiff by closing the cell door on him.  Instead, Defendant Fielding was following procedure by opening

and closing cell doors for meals.  It also appears that Plaintiff's cell door may have been

malfunctioning because Plaintiff alleges that the door did not open the entire way and the door did

not stop when it hit him.  There is no evidence to support, nor does Plaintiff contend, that Defendant

Fielding knew the door was malfunctioning.  The facts suggest that Defendant Fielding was acting at

most negligently and not intentionally.  Second, there is little doubt that prison officials have a

security interest in opening and closing cell doors during meals in an efficient manner.  The prison

has a lengthy procedure for opening and closing cell doors one at a time during meals, which is

evident from the fact that it took 15 to 20 minutes to open Plaintiff's cell door after an announcement

that it was time for a meal.  Third, the evidence clearly demonstrates that Plaintiff suffered only

minor injuries.  Although he claims he suffered a swollen and discolored eye, as well as additional

pain, Plaintiff admits that he never sought medical treatment for his injuries.  Moreover, Defendant

Fielding asserts that the minor injuries that Plaintiff sustained were a result of Plaintiff jumping out

of the way of the door.  The lack of a significant injury is not a threshold inquiry for an Eighth

Amendment claim, but it certainly is a factor.  Simply, Plaintiff's allegations in this case do not rise

to an Eighth Amendment violation.

> Defendant Fielding alternatively moves for qualified immunity.  Government

officials, performing discretionary functions, generally are shielded from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional rights of which

a reasonable person would have known.  *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999);

*Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir.

1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An "objective reasonableness" test is used to

determine whether the official could reasonably have believed his conduct was lawful.  *Dietrich*, 167

F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).  "Qualified immunity balances two

important interests-the need to hold public officials accountable when they exercise power

irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

   In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* Because Plaintiff cannot establish that his constitutional rights were violated, Defendant Fielding is entitled to qualified immunity.

   Finally, the undersigned must address Plaintiff's pending state law claims. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, in the opinion of the undersigned, Plaintiff's state-law claims should be dismissed.

   Accordingly, it is recommended that Defendant's motion for summary judgment (ECF No. 139) be granted and that this case be dismissed in its entirety.

   Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same

reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   _____February 23, 2017_____            _____ */s/ Timothy P. Greeley*_____
                                                                                            TIMOTHY P. GREELEY
                                                                                            UNITED STATES MAGISTRATE JUDGE