UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUFUS L. SPEARMAN,

        Plaintiff,

                                    File No: 2:15-cv-15

v.

                                      HON. PAUL L. MALONEY

GLENN FIELDING,

        Defendant.

_____/

**MEMORANDUM OPINION AND ORDER APPROVING
AND ADOPTING THE REPORT AND RECOMMENDATION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.   On February 23, 2017, United States Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") recommending that the Court grant Defendant's motion for summary judgment (ECF No. 139).  (R&R, ECF No. 153.)  The matter is before the Court on Plaintiff's objections to the R&R.  (ECF No. 154.)

      This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

      Plaintiff raises several objections to the R&R.  He specifically objects to several facts included in the R&R.  He also disputes the Magistrate Judge's conclusion that no genuine dispute of material fact

exists.  He further objects to the Magistrate Judge's conclusion that he has not demonstrated a constitutional violation.  Plaintiff argues that Defendant purposefully attacked him with the cell door with the intention of inflicting pain.[1]  Plaintiff contends that there is circumstantial evidence to support the alleged Eighth Amendment violation.

Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If the movant carries the burden of showing that there is an absence of evidence to support a claim, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact.  *Id.* at 324-25.  The non-moving party cannot rest on his pleadings; he must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (citing Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Ultimately, the Court must determine whether there is sufficient evidence on which the jury could reasonably find for Plaintiff.  *Id.* at 252.

Plaintiff argues that there is a genuine dispute of material fact, and that summary judgment is not appropriate.  Yet Plaintiff does not support his Eighth Amendment claim with anything other than the complaint and his responses in opposition to prior motions for summary judgment.[2]  Although Plaintiff

---

[1] Plaintiff also argues that he was deprived of an opportunity to litigate in violation of the First Amendment, but the Court previously dismissed this claim.  (ECF No. 110.)

[2] Plaintiff attached a health care request and administrative hearing report relating to the request as an exhibit to his objection. (ECF No. 154-1.) Although Plaintiff argues that he did not seek medical attention for his alleged injuries resulting from Defendant's actions because he thought that he would not receive any medical assistance, the exhibit does not relate to the alleged attack.  Instead, the exhibit relates to an event

objects to several facts in the R&R, he does not point to any affidavits, depositions, or other evidence in support. Plaintiff argues that there is circumstantial evidence of Defendant's intention to inflict pain on Plaintiff by closing the cell door. Plaintiff contends that he may have found evidence in support if the Court had granted his requests for additional time to complete discovery. But Plaintiff merely imagines the potential evidence that might exist to support his claim; he does not present actual evidence in support. Thus, Plaintiff's objections as to the facts in the R&R are without merit.[3]

Moreover, Plaintiff has not shown an Eighth Amendment violation. Plaintiff has alleged that he hit his head while trying to squeeze through an opening as the cell door slowly closed. Making all justifiable inferences in Plaintiff's favor, any injury sustained by Plaintiff was either accidental, caused by Plaintiff himself, or caused by mere negligence—none of which rise to the level of a constitutional violation. *See Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991) (concluding that negligence does not ground a § 1983 action); *see also Fisher v. Britt*, No. 85-3736, 1985 WL 3367, at *1 (E.D. Pa. Oct. 29, 1985) (holding that the accidental closing of a cell door on plaintiff's fingers failed to state a cause of action under § 1983); *Orvis v. Hornbuckle*, No. 08-cv-11541, 2011 WL 1256612, at *8-9 (E.D. Mich. Mar. 31, 2011) (finding that negligence falls short of deliberate indifference); *Brockman v. Besau*, 2:08-cv-263, 2010 WL 584031, at *6 (W.D. Mich. Feb. 16, 2010) (concluding that, even if plaintiff were briefly caught in a slowly-closing cell door, such an incident does not rise to the level of an Eighth Amendment violation).

---

from 2009—nearly 3 years before the alleged attack. Further, the administrative hearing report rebuts this claim because the hearing officer found that, although medical advice was given, it did not rise to the level of providing medical care, and canceled the $5.00 charge to Plaintiff's account.

[3] Plaintiff properly notes that the R&R indicates that the alleged attack occurred on July 7, 2016. But the alleged attack occurred on or about July 9, 2012. (Am. Compl., ECF No. 11, PageID.96.)

Although Plaintiff contends that his injuries were not minor, he has not presented any evidence in support. The fact that Plaintiff did not seek medical care weighs against the severity of his injuries. Further, Defendant had a penological security justification for shutting the cell doors in accordance with meal-time procedures. Thus, Plaintiff has not presented specific facts showing that there is a genuine issue for trial.

Although Plaintiff disagrees with the Magistrate Judge's conclusions, Plaintiff has not demonstrated that the conclusions were erroneous. The R&R accurately recites the facts and correctly applies pertinent law. The Court agrees with and adopts the Magistrate Judge's analysis.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS ORDERED** that the February 23, 2017 R&R (ECF No. 153) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 154) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 139) is **GRANTED**.

A judgment will enter in accordance with this memorandum opinion and order.

Dated: March 14, 2017                                  /s/ Paul L. Maloney
                                                       PAUL L. MALONEY
                                                       UNITED STATES DISTRICT JUDGE